UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Civil Case Number: 2:18-cv-297-Ftm-99 CM

Andrew Mortenson,

                Plaintiff,

vs.

Credit Acceptance Corporation,

                Defendant.

## COMPLAINT

For this Complaint, the Plaintiff, Andrew Mortenson, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA") and the Florida Fair Debt Collection Practices Act, 559.55-559.785.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.  The Plaintiff, Andrew Mortenson ("Plaintiff"), is an adult individual residing in Naples, Florida, and is a "person" as defined by 47 U.S.C. § 153(39) and is a "consumer," as defined by 559.55(2).

5.  The Defendant, Credit Acceptance Corporation ("CAC"), is a Delaware business entity with an address of 25505 West Twelve Mile Road, Suite 3000, Southfield, Michigan 48034-8339, and is a "person" as defined by 47 U.S.C. § 153(39), and is a "creditor" as defined by 559.55(3).

## FACTS

6.  Within the last year, CAC started calling Plaintiff's cellular telephone, number 239-xxx-1120.

7.  At all times mentioned herein, CAC contacted Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

8.  When Plaintiff answered the calls from CAC, he heard a prerecorded message instructing Plaintiff to hold for the next available representative.

9.  During a live conversation in December 2017, Plaintiff demanded that all calls to him cease immediately.

10. Nonetheless, CAC continued to place automated calls to Plaintiff's cellular telephone.

## COUNT I

### VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *ET SEQ.*

11. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12. At all times mentioned herein and within the last four years, Defendant called Plaintiff on his cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

13. Defendant continued to place automated calls to Plaintiff's cellular telephone after being directed by Plaintiff to cease calling and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

14. The telephone number called by Defendant was and is assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

15. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

16. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

17. Each of the calls made by Defendant constitutes a violation of the TCPA.

18. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

19. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### VIOLATIONS OF THE FLORIDA FAIR DEBT COLLECTION PRACTICES ACT, 559.55-559.785

20. The Plaintiff incorporates by reference Paragraphs 1 though 10 of this Complaint as though fully stated herein.

21. The Defendant willfully communicated with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff or willfully engaged in other conduct which can reasonably be expected to abuse or harass Plaintiff, in violation of the Florida Fair Debt Collection Practices Act, 559.72(7).

22. Plaintiff is entitled to damages as a result of Defendant's violations.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Statutory damages pursuant to Fla Stat.§ 559.72;

D. Punitive damages pursuant to Fla Stat.§ 559.72;

E. Costs of litigation and reasonable attorney's fees pursuant to Fla. Stat. § 559.72; and

F. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: April 26, 2018

                              Respectfully submitted,

By    */s/ Tamra Givens*
        Tamra Givens, Esq.
        Florida Bar No. 657638
        43 Danbury Road
        Wilton, CT 06897
        Telephone: (203) 653-2250
        Facsimile: (203) 653-3424
        tgivens@lemberglaw.com